Filed 8/21/24  Aminpour v. Verdi CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SAEID AMINPOUR, | B327213 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV01311) |
| v. | |
| MEHRAN VERDI, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

John J. Gulino for Plaintiff and Appellant.

Vivoli Saccuzzo and Michael W. Vivoli for Defendant and Respondent.

# I.    INTRODUCTION

Plaintiff Saeid "Steve" Aminpour appeals from an order awarding attorney fees and costs to defendant Mehran "Mike" Verdi following the trial court's granting of defendant's special motion to strike pursuant to Code of Civil Procedure section 425.16 (section 425.16), the anti-SLAPP statute.[1]  We affirm.

# II.    BACKGROUND

## A.    *Motion to Strike*

On January 12, 2022, plaintiff filed a complaint against defendant alleging breach of trust, breach of fiduciary duty, and breach of contract.

On April 1, 2022, defendant filed a special motion to strike all the causes of action pursuant to the anti-SLAPP statute.

On June 14, 2022, plaintiff filed an opposition to the motion and a request for attorney fees in the amount of $56,225.  In support of his request for attorney fees, plaintiff attached a declaration from his counsel, stating that counsel had spent 86 hours on the opposition and anticipated working an additional 30 minutes on the oral argument.  Based on an hourly rate of $650, plaintiff requested an award of $56,225 in attorney fees.

---

[1]    "A 'SLAPP' is a '"strategic lawsuit against public participation"' [citation], and special motions to strike under section 425.16 are commonly referred to as '[a]nti-SLAPP motions' [citation]." (*Bonni v. St. John Health System* (2021) 11 Cal.5th 995, 1007, fn. 1.)

On July 8, 2022, the trial court granted defendant's motion to strike and denied plaintiff's request for attorney fees. The court ruled that defendant was entitled to recover his attorney fees, costs, and expenses pursuant to section 425.16, subdivision (c), but deferred its ruling on the amount of such fees and costs.

B.     *Defendant's Motion for Attorney Fees*

On September 6, 2022, defendant filed a motion seeking $48,790 in attorney fees and $1,574.60 in costs. Defendant attached his counsel's declaration detailing the time that counsel spent in connection with the motion (64 hours, including 25 hours replying to plaintiff's 150-page opposition to the anti-SLAPP motion); the time he spent on the fee motion (18 hours); and his hourly rate of $595. Defendant's counsel also attached a printout from counsel's billing system, which demonstrated that defendant had incurred $1,574.60 in costs. Counsel explained that following the trial court's ruling granting the motion to strike, counsel had sent an e-mail to plaintiff's counsel stating, among other things, "So you know, we will be seeking recovery of $25,825 in fees and $60 filing fees on the anti-SLAPP motion and another $8,3330 [*sic*] in fees and $60 in filing fees on the motion for attorney fees. If you'll simply stipulate to an award of $25,825 in fees on the anti-SLAPP motion and $60 in filing fees, you can avoid the fees and costs that will be incurred on the fee motion." (Emphasis omitted.) In his declaration, defendant's counsel explained that he arrived at these figures by "guess[ing] at what the fees and costs would be on this motion for fees and costs . . . without reviewing [his] timekeeping records and the actual record of [his] communications and the filings involved in the anti-SLAPP

3

motion." Plaintiff's counsel ignored defendant's offer to stipulate to the amount of attorney fees.

On November 29, 2022, plaintiff filed an opposition to the motion for attorney fees, arguing, among other things, that the amounts sought in the motion were excessive and unreasonable; that $10,115 was a reasonable fee award; and that defendant should be equitably estopped from seeking more than $25,825[2] in fees and $120 in costs as set forth in defense counsel's earlier e-mail.

On December 12, 2022, the trial court conducted a hearing on the motion for attorney fees, found that the amounts sought by defendant were "not unreasonable given the amount of work that goes into the preparation of such a motion," and awarded defendant $48,790 in fees and $1,574.60 in costs. On February 7, 2023, plaintiff timely appealed.

## III.   DISCUSSION

A.   *Standard of Review*

A trial court's determination concerning the reasonable amount of attorney fees to award is reviewed for an abuse of discretion. (*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 433.) We review findings of fact that form the basis for the award for

---

[2]   Plaintiff's opposition to the fee motion asserted that defendant should be "barred from claiming more than $34,278 [*sic*], which was the figure in his counsel's e-mail."

substantial evidence.  (*Pasadena Police Officers Association v. City of Pasadena* (2018) 22 Cal.App.5th 147, 167.)

B.    *Legal Principles*

"Under section 425.16, subdivision (c)(1), 'a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs.'  The purpose of the statute is to 'compensat[e] the prevailing defendant for the undue burden of defending against litigation designed to chill the exercise of free speech and petition rights.  [Citation.]' [Citation.]"  (*Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 232.)

In *Ketchum v. Moses* (2001) 24 Cal.4th 1122 (*Ketchum*), our Supreme Court explained that "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'  [Citation.]"  (*Id.* at pp. 1131–1132.)

C.    *Analysis*

Plaintiff contends that the amount of the attorney fees award was excessive and unreasonable because the substance of defendant's motion and reply demonstrated that the motion was neither unique nor complex and the trial court should not have credited defense counsel's declaration averring that he spent 32 hours on the motion.  Plaintiff further challenges the veracity of defense counsel's declaration by arguing that defense counsel's earlier offer to stipulate to an attorney fees award was not an

"estimate of the fees" but a "clear" statement that defendant had only incurred $28,825 in fees. We disagree.

The trial court concluded that the requested award was reasonable and impliedly found defense counsel's declaration in support of the award to be credible. We defer to the court's credibility finding. (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 415.) Further, plaintiff's contentions on appeal that the $48,790 attorney fees award was excessive in light of the noncomplex nature of defendant's motion is belied by plaintiff's earlier request for $56,225 in attorney fees, based on his counsel's declaration that he had spent 86 hours opposing the motion to strike. (See *In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 584 ["'In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative'"].) Finally, because "an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under . . . section 425.16" (*Ketchum, supra*, 24 Cal.4th at p. 1141), the court did not abuse its discretion when it declined to limit the fee award to the fees that counsel estimated he was due for the time he spent on the underlying motion to strike.

Next, plaintiff contends that the fee award must be vacated because defendant "provided no documentary evidence to support the claimed amount of attorney's fees sought" and failed to provide any billing records and invoices. Plaintiff's contention is meritless. "It is well established that 'California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours

reasonably spent.  [Citations.]'"  (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698.)  We find no abuse of discretion.

## IV.   DISPOSITION

The order is affirmed.  Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.

We concur:



MOOR, Acting P. J.



LEE, J.*

---

*      Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7